MILES v. METROPOLITAN LIFE INS. CO.

No. 31605.   Dec. 19, 1944.

*154 P. 2d 95.*

Bailey E. Bell and A. C. Elliott, both of Tulsa, for plaintiff in error.

Coakley, McDermott & Gable, of Tulsa, for defendant in error.

DAVISON, J. This cause is presented to us on appeal from a judgment of the court of common pleas of Tulsa county, Okla. Plaintiff, Mary D. Miles, in her petition declared upon group insurance policies and three $500 benefit certificates on the life of her son, Robert A. Miles, a 25-year-old man, who died while employed as a salesman for the Griffin Grocery Company of Tulsa, Okla. In each of the benefit certificates Mrs. Miles, the mother, was designated as the beneficiary. She admitted the prior receipt of $502 in apparent payment of one of the certificates, but asserted that the other two had not been paid.

In its answer the insurance company admitted the existence of a group insurance policy and the execution of one benefit certificate (No. 522) for $500, but asserted the same had been canceled prior to the death of Robert A. Miles. It also admitted the execution of a second benefit certificate in the sum of $500 (No. 450), which certificate it asserts was paid in full by check of August 4, 1939, which check was received and cashed by the plaintiff. With particular reference to the third certificate the defendant company denied the execution thereof and the existence of any policy under which said certificate could have been issued.

Plaintiff's reply was a general denial.

The cause was tried on February 15, 1943. A jury was impaneled to determine the issues of fact. At the conclusion of the evidence the trial judge sustained defendant's motion for a directed verdict. It was thus determined that no issue of fact was presented by the evidence which would have, if believed, authorized recovery by the plaintiff.

In presenting the cause to us on appeal, plaintiff undertakes to present sufficient evidence to demonstrate error in the ruling of the trial court. Our attention is directed to the testimony of Mrs. Miles wherein she stated that her son had procured $1,500 worth of insurance through his employer. The answer was stricken on objection of opposing counsel. Through Mrs. Miles it was also attempted to show that Robert Miles had paid a portion of the premiums on insurance carried. In this connection it was established that one deduction of $12.05 for insurance premiums was made from one of his pay checks in February of 1939.

The company introduced testimony establishing the truth of the allegations in the answer. It issued a group policy in 1920 under which the deceased Miles boy was issued one $500 benefit certificate. Later, but during the lifetime of the deceased, the insurance plan was changed, another policy was issued and another $500 benefit certificate was issued in lieu of the first which was then canceled. The policy mentioned in the last cause of action of the plaintiff was never executed.

Therefore, there was but one live $500 benefit certificate, which was paid about three months after the death of the Miles boy.

With reference to the $12.05 deduction for insurance premiums, the testimony of the defendant indicated the deduction was made to pay for insurance on the young man's automobile, which insurance was procured through the employing grocery company.

The attorney for the plaintiff also desired and sought to show the existence of a bad feeling between the Griffin Grocery Company and the Miles family. The trial court refused to admit the evidence offered.

The plaintiff asserts that the evidence alluded to was sufficient to create a conflict in the proof, and that by reason of the conflict the jury question was involved in the case.

We are unable to attach the same value to the evidence which plaintiff does. It is generally held that where each of the parties to a cause produces sufficient evidence to entitle him to prevail, a disputed question of fact is presented. Under such circumstances, the cause should be submitted to the jury for its determination.

Mrs. Miles was willing to testify that her son had procured $1,500 in insurance and had paid a portion of the premiums thereon. Her information concerning the amount of insurance on the life of her son was based on statements made by her son to her during his life. The information was thus based on hearsay and was therefore inadmissible.

Our examination of the record before us fails to reflect reversible error on the part of the trial tribunal in directing a verdict for the defendant.

Affirmed.

GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. CORN, C.J., concurs in conclusion.